# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia, Plaintiff Below, Respondent**

**vs) No. 14-1199** (Fayette County 14-F-99)

**Lance E. Breckenridge, Defendant Below, Petitioner**

**FILED**

August 31, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Lance E. Breckenridge, by counsel John M. Thompson Jr., appeals the Circuit Court of Fayette County's October 21, 2014, order sentencing him to a cumulative term of incarceration of three to twenty-five years of incarceration. The State, by counsel Jonathan E. Porter, filed a response. Petitioner filed a reply. On appeal, petitioner alleges that the State failed to meet its burden of proof at trial, and that the circuit court erred in denying his motions for judgment of acquittal.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner and a co-defendant, Kellie R. Cook, were indicted by a grand jury during the May of 2014 term of court on one count of conspiracy to commit a felony, one count of breaking and entering, and one count of grand larceny. These charges stemmed from an incident in which $14,864 in cash and $7,615 in checks payable to Kroger disappeared from a Kroger location in Smithers, West Virginia. The trials for petitioner and his co-defendant were severed.

Following a jury trial in August of 2014, petitioner was convicted on all counts. Through witness testimony and video surveillance evidence, the State established the following: that petitioner was in the Kroger in question on the night of the crime; that he knew the location of the drop box that was later emptied of money and checks; that he entered the back area of the store, even though he was not authorized to be in that area; while in the back area, he moved toward the back door that was kept locked at night; and that upon exiting the store, he went behind the building and examined the back door from the outside. Further, the evidence established that later in the night, a masked individual came upon the building and entered the rear door without any hesitation; despite the fact it had no handle and appeared locked. Further, the suspect was carrying a hammer, which he later used to break open the drop box. Moreover, petitioner was found seven miles from the store approximately twelve minutes after the crime's commission when his co-defendant was stopped for speeding. According to the officer who

1

stopped them, both petitioner and the co-defendant appeared nervous during the encounter. Petitioner also elected to testify below and admitted to the facts set forth above. During his testimony, the only facts petitioner disputed were that he opened the back door to the Kroger from the inside and that he committed the crimes in question. Further, it is undisputed that the surveillance footage from inside the store does not show the act of propping the door open.

At the conclusion of the State's case-in-chief, petitioner moved for judgment of acquittal and he renewed this motion following the defense's case. Both motions were denied. In September of 2014, petitioner filed a motion for a new trial, which was also denied. In October of 2014, the circuit court sentenced petitioner to the following terms of incarceration: one to five years for his conviction of conspiracy; one to ten years for his conviction of breaking and entering; and one to ten years for his conviction of grand larceny. These sentences were ordered to be served consecutively. It is from the sentencing order that petitioner appeals.

We have previously held that

> "[a] criminal defendant challenging the sufficiency of the evidence to support a conviction takes on a heavy burden. An appellate court must review all the evidence, whether direct or circumstantial, in the light most favorable to the prosecution and must credit all inferences and credibility assessments that the jury might have drawn in favor of the prosecution. The evidence need not be inconsistent with every conclusion save that of guilt so long as the jury can find guilt beyond a reasonable doubt. Credibility determinations are for a jury and not an appellate court. Finally, a jury verdict should be set aside only when the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt. To the extent that our prior cases are inconsistent, they are expressly overruled." Syl. Pt. 3, *State v. Guthrie*, 194 W.Va. 657, 461 S.E.2d 163 (1995).

Syl. Pt. 4, *State v. Chic-Colbert*, 231 W.Va. 749, 749 S.E.2d 642 (2013). On appeal, we find no error regarding the sufficiency of the State's evidence. While petitioner alleges two separate assignments of error, it is clear that both allege insufficient evidence to support his conviction. Accordingly, the Court will address this lone issue as dispositive of both assignments of error on appeal.

Moreover, petitioner's argument turns entirely on the fact that the State's evidence in this matter is circumstantial in nature. In essence, petitioner argues that because he denied opening the door from the inside and committing the crimes in question, and because no direct evidence was introduced establishing these facts, his conviction cannot stand. The Court, however, does not agree. We previously stated that

> [t]here should be only one standard of proof in criminal cases and that is proof beyond a reasonable doubt. Once a proper instruction is given advising the jury as to the State's heavy burden under the guilt beyond a reasonable doubt standard, an additional instruction on circumstantial evidence is no longer required even if the State relies wholly on circumstantial evidence.

Syl. Pt. 2, *State v. Guthrie*, 194 W.Va. 657, 461 S.E.2d 163 (1995). Moreover, as addressed above, when reviewing the sufficiency of the evidence in a criminal trial, this Court must review all the evidence, including circumstantial evidence, in the light most favorable to the State. As such, it is clear that the fact the State relied wholly on circumstantial evidence in the present matter does not mean the evidence was insufficient to support petitioner's conviction.

Further, petitioner testified on his own behalf during trial and the jury heard evidence that he denied committing the crimes in question. As such, it is clear that the jury was presented with the State's circumstantial evidence and petitioner's own testimony and made credibility determinations about the evidence. We have established that "[a] reviewing court cannot assess witness credibility through a record. The trier of fact is uniquely situated to make such determinations and this Court is not in a position to, and will not, second guess such determinations." *Michael D.C. v. Wanda L.C.*, 201 W.Va. 381, 388, 497 S.E.2d 531, 538 (1997). Therefore, viewing all evidence in the light most favorable to the State, it is clear that the jury was presented with sufficient evidence to support petitioner's conviction.

For the foregoing reasons, the circuit court's October 21, 2014, order is hereby affirmed.

Affirmed.

**ISSUED**: August 31, 2015

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

3